IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| EDNECDIA SUTINA JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 1:19-00165 |
| ) | |
| WARDEN REHERMAN, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody and Supplemental Petition.[1] (Document Nos. 1 and 6.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application and Supplement, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

**FACT AND PROCEDURE**

**A.      Criminal Action No. 3:12-cr-0036:**

On March 18, 2014, Petitioner entered an *Alford* plea in the Northern District of Georgia to the following: one count of aiding and abetting the possession of counterfeit access devices in violation of 18 U.S.C. §§ 1029(a)(3), (c)(1)(A)(i), (c)(2), and 18 U.S.C. § 2 (Count One); one count of aiding and abetting the possession of a device making equipment in violation of 18 U.S.C. §§

---

[1]   Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1029(a)(4), (c)(1)(A)(ii), and 18 U.S.C. § 2 (Count Two); one count of aiding and abetting the possession with intent to use five or more false identification documents in violation of 18 U.S.C. §§ 1028(a)(3), (b)(1)(A)(ii), (b)(2), (b)(5), (c)(3)(A), (g), and 18 U.S.C. § 2 (Count Three); and one count of aiding and abetting the possession of a document making equipment in violation of 18 U.S.C. §§ 1028(a)(5), (b)(1)(C), (c)(3)(A), (g), and 18 U.S.C. § 2 (Count Four). United States v. Johnson, 1:12-cr-00016 (N.D.Ga. Dec. 16, 2014), Document No. 123. On December 12, 2014, the District Court sentenced Petitioner to a 180-month term of imprisonment[2] and a three-year term of supervised release. Id., Document Nos. 141 and 143.

On January 1, 2015, Petitioner, by counsel, filed her Notice of Appeal. Id., Document No. 145. On May 21, 2015, the Eleventh Circuit Court of Appeals dismissed Petitioner's appeal for want of prosecution because Movant had not paid the filing fee or filed a motion to proceed *in forma pauperis*. Id., Document No. 163.

**B.    Section 2255 Motion:**

On June 2, 2015, Petitioner filed in the Northern District of Georgia a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 164. In her Motion, Petitioner asserted the following: (1) Petitioner's sentence was unconstitutional because "any sentence that enhances incarceration not found by a jury is unconstitutional;" (2) The District Court erred "when it adopted the Government's PSI" in violation of her 10th Amendment rights; (3) The District Court allowed inadmissible evidence in violation of her Fourth Amendment rights; (4) Governmental misconduct in violation of Petitioner's Fourth Amendment rights; (5) Multiplicity and duplicity of the Indictment; (6) Illegal search in violation of Petitioner's Fourth Amendment

---

[2] The District Court sentenced Petitioner as follows: "[T]o be imprisoned for a term of 120 months on Count One, 180 months on Count Two, 60 months on Count Three and 180 months on Count Four, all to run concurrently." *Johnson*, Criminal No. 1:12-0016, Document No. 143.

rights; (7) Petitioner was detained in violation of her Fifth Amendment rights; (8) The Sentencing Court erred by failing to give Petitioner's Guideline level reduction for acceptance of responsibility. Id. On September 1, 2015, the United States filed its Response in Opposition. Id., Document No. 173. On September 18, 2015, Petitioner filed her Reply. Id., Document No. 175. By "Final Report and Recommendation" entered on November 3, 2015, United States Magistrate Judge Gerrilyn G. Brill recommended that Petitioner's Section 2255 Motion be denied. Id., Document No. 181. Petitioner filed her Objections on November 19, 2015. Id., Document No. 183. By Order and Judgment entered on December 10, 2015, the United States District Judge overruled Petitioner's Objections, adopted Judge Brill's recommendation, and denied Petitioner's Section 2255 Motion. Id., Document Nos. 185 and 186. On December 28, 2015, Petitioner filed a Motion for Reconsideration. Id., Document No. 187. By Order entered on January 5, 2016, the District Court denied Petitioner's Motion for Reconsideration. Id., Document No. 188. On January 14, 2016, Petitioner filed her Notice of Appeal. Id., Document No. 189. By Order entered on September 8, 2016, the Eleventh Circuit Court determined that Petitioner failed to make a substantial showing of the denial of a constitutional right and denied her application for a certificate of appealability. Id., Document No. 208.

C.    **Section 3582 Motion:**

On March 20, 2017, Petitioner, acting *pro se*, filed in the Northern District of Georgia a Motion for Modification of Sentence pursuant to 18 U.S.C. § 3852. Id., Document No. 213. Specifically, Petitioner requested a "downward departure pursuant to the United States Sentencing Guidelines 3B1.1 (Amendment 794) Minor-Role participant." Id. By Order entered on March 28, 2017, the District Court construed Petitioner's above Motion as a successive Section 2255 Motion and denied the Motion. Id., Document No. 214. On April 25, 2017, Petitioner filed her Notice of

Appeal. Id., Document No. 215. By Order entered on May 8, 2018, the Eleventh Circuit construed Petitioner's Notice of Appeal as a Motion for certificate of appealability and denied the Motion. Id., Document No. 245. Petitioner filed a motion for reconsideration, which the Eleventh Circuit denied on July 11, 2018. Id., Document No. 248.

**D.    Instant Section 2241 Petition:**

On March 11, 2019, Petitioner filed her instant Section 2241 Petition. (Civil Action No. 1:19-00165, Document No. 1.) Petitioner challenges the validity of her conviction and sentence. (Id.) First, Petitioner argues that her "Fifth Amendment right to due process" was violated because she was "sentenced to a term of imprisonment that exceeds the statutory maximum for the context of Petitioner's *Alford* Plea." (Id., p. 6.) Second, Petitioner argues that she was subjected to cruel and unusual punishment in violation of her Eighth Amendment right "when co-defendant confirmed that Petitioner did not knowingly and willingly participate in fraud operation." (Id.) Third, Petitioner argues that her "due process rights were violated when the sentencing court sentenced Petitioner to 'equal' capability when evidence showed that petitioner was 'factually' innocent as well as 'actually' innocent to the charge that garnished Petitioner a term of 180 months of incarceration." (Id.) Finally, Petitioner argues that the "sentencing court committed reversible error when it did not take into account any of the factual evidence that confirmed that petitioner was unaware of the equipment in the residence as well as an admission that petitioner was innocent of willingly and knowingly participating in the fraud operation." (Id., p. 7.) Therefore, Petitioner contends that she is actually and factually innocent of "the charges that carry a maximum term of 180 months." (Id.) Petitioner states that she is "guilty of violation 18 U.S.C. § 1028(b)(2) only – possession of false identification documents – punishable by not more than 5 years." (Id.)

On July 11, 2019, Petitioner filed her Supplemental Petition. (Id., Document No. 6.)

4

Petitioner states that she "has been sentenced over the statutory maximum for the crime in which petitioner's has not committed." (Id.) In support, Petitioner states as follows:

> The Alford plea allowed petitioner to plead guilty to what she was in fact guilty of, while being factually innocent of the possession and or knowledge of the equipment in the basement of the home. The allegation against petitioner in relation to the basement of the home supports the evidence of petitioner's factual innocence. In addition to the support of factual innocence, the testimony of petitioner's co-defendant under oath supports the relief that petitioner is seeking. Petitioner is seeking time served on the basis of actual innocence of the charges of possession of equipment and other items associated with the basement of the home.

(Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and

5

ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of her conviction and sentence as imposed by the Northern District of Georgia. Specifically, Petitioner alleges that her due process rights were violated and her sentence exceed the statutory maximum. Although Petitioner acknowledges that she entered an *Alford* plea as to all counts, Petitioner contends that she should have only been convicted and sentence as to one count (possession of false identification documents). Petitioner claims she is actually innocent of Counts One, Two, and Four. See Farrow v. Revell, 541 Fed.Appx. 327, 328-29 (4th Cir. 2013)(finding that an actual innocence claim may satisfy the "savings clause" exception when it meets the requirements of *In re Jones*); Santillana v. Collins, 2015 WL 852328, * 4 (S.D.W.Va. Jan. 14, 2015), report and recommendation adopted by, 2015 WL 852335 (S.D.W.Va. Feb. 26, 2015)(actual innocence claim should be brought under Section 2255, rather than Section 2241, where petitioner is asserting innocence based on a mistaken finding of guilt and not based on an intervening change of law). Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to

the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Northern District of Georgia. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Eleventh Circuit Court of Appeals.[3]

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, she must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A). In the instant case, Petitioner

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider her claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence if she can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that her remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new

---

does not allege the discovery of new evidence or a new rule of constitutional law.

rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

---

[4] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that she can resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after her Section 2255 proceedings that decriminalized the conduct of her conviction. Additionally, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Additionally, Section 2255 is not rendered inadequate merely because Petitioner has unsuccessfully pursued her claims in a prior Section 2255 Motion. Since Petitioner has failed to sustain her burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion, the undersigned recommends that Petitioner's Section 2241 Petition dismissed instead of transferred.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition and Supplement (Document Nos. 1 and 6) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections,

identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 24, 2020.



Omar J. Aboulhosn
United States Magistrate Judge