IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

EDNECDIA SUTINA JOHNSON,

    Petitioner,

v.                                                CIVIL ACTION NO. 1:19-00165

WARDEN REHERMAN,

    Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on August 24, 2020, in which he recommended that the court dismiss petitioner's section 2241 petition and supplement (ECF Nos. 1 and 6) and remove this matter from the court's docket. (ECF No. 8.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days in which to file objections to the PF&R. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On September 2, 2020, petitioner filed a "Response," which the court will construe as objections.[1] In her objections, she says that her claim should be construed as an attack on the "execution" of her sentence. This is so, according to petitioner, because she is actually innocent of the crime to which she pleaded guilty but concededly guilty of a lesser crime (for which she has already served the mandatory maximum).

Petitioner's objections do not reckon with the conclusion in the PF&R that she has failed to establish that § 2255 is inadequate or ineffective to test the legality of her detention. That is, she continues to make no effort to meet the test for when the savings clause applies to attack a conviction:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Likewise, petitioner makes no effort to meet the test for when the savings clause applies to attack a sentence, as set forth in United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018).

---

[1] Postmarked August 31, 2020.

2

The savings clause requirements are jurisdictional. Id. at 426. Thus, unless the savings clause applies (unless the petition meets the criteria in Jones or Wheeler) this court has no jurisdiction over the petition. In other words, petitioner cannot get around the savings clause simply by claiming actual innocence. See Coleman v. Brooks, 133 F. App'x 51, 52-53 (4th Cir. 2005); Martinez v. Coakly, No. 2:16-CV-27, 2017 WL 460809, at *3 (N.D.W. Va. Feb. 2, 2017) ("[A] freestanding claim of actual innocence is not cognizable in federal habeas corpus."); Garcon v. Cruz, No. 6: 14-CV-72-RMG, 2014 WL 819467, at *1 (D.S.C. Feb. 28, 2014), aff'd, 581 F. App'x 193 (4th Cir. 2014); Ross v. Mitchell, No. 6:10-CV-01891-GRA, 2010 WL 3522357, at *2 (D.S.C. Sept. 3, 2010) ("However, instead of showing that his petition satisfies the In re Jones test, Petitioner merely argues the merits of his actual innocence claim. 'A petitioner may not argue the merits of his [actual innocence] claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim.'") (quoting Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006)); Fox v. Rivera, No. CIVA207-1277-GRARSC, 2007 WL 2746716, at *3 (D.S.C. Sept. 14, 2007).

Petitioner's alternative attempt to get around the savings clause requirements, her claim that she is challenging the execution of her sentence, is meritless. "A federal prisoner

3

who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, while § 2241 petitions are reserved for challenges to the execution of the prisoner's sentence." Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir. 2013).  It is clear that petitioner challenges the validity of her conviction because she hinges her supposed entitlement to habeas relief on an argument that she is actually innocent of that conviction.  That petitioner concedes her culpability in relation to another crime makes no difference. (See ECF No. 1, at 7 (acknowledging guilt of crime of possession of false identification documents).)  Nor does it make a difference that petitioner's plea was pursuant to North Carolina v. Alford, 400 U.S. 25, 27 (1970).

Moreover, there is no indication that petitioner could establish her actual innocence.  "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted [her] in the light of the new evidence."  United States v. Jones, 758 F.3d 579, 583 (4th Cir. 2014).  Petitioner does not appear to offer any new evidence, let alone sufficient new evidence to meet this standard.

For the reasons stated above, petitioner's objections are **OVERRULED**, and the court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:  Petitioner's Section

2241 Petition and Supplement (ECF Nos. 1 and 6) are **DISMISSED**[2] and this matter is removed from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 25th day of January, 2022.

ENTER:

David A. Faber
Senior United States District Judge

---

[2] Dismissal is without prejudice for lack of jurisdiction. See Wheeler, 886 F.3d at 426.